FREDERICK W. COGGILL *vs.* VOLUTIA B. BOTSFORD.

Under the insolvent act of 1853, copartners can make an assignment of their joint property alone, or of their joint and separate property together.

And whether the assignment carries only the joint property, or includes the separate property of the partners, is a question wholly of intention, to be ascertained from the instrument itself.

A bill in equity alleged that *E* and *W* were copartners, and insolvent, and that *E* was the owner of certain land described, of which he made a fraudulent conveyance; that *E* and *W* afterwards made an assignment under their hands and seals of all their property real and personal, to a trustee in insolvency; that thereby all the interest of *E* in the land in question became vested in the trustee; that the trustee, under the order of the court of probate, sold the land in question to the petitioner and conveyed the same to him by deed; by means of which the petitioner became vested with the whole interest and title of *E* in the land. On demurrer to the bill, on which it was claimed that the assignment described in it did not convey the private property of *E*, it was held, 1. That the fair import of the allegation that *E* and ˙*W* conveyed *all their property*, was, that they conveyed their private as well as their joint property. 2. That if this allegation was not clear in itself, the meaning of the pleader was made clear by the other allegations, and the question was one, not of the construction of the instrument, which was not before the court, but solely of the sufficiency of the allegations of the bill.

Whether, where the same assignment conveys both partnership and private property, there should be a single administration of the whole or separate administrations : *Quere.*

Where the principal place of business of the partnership is in one probate district, and the residence of a partner in another, it would seem to be required by the statute that the estate of the latter should be settled in the district where he resides, and that of the former in the district where its principal place of business is situated.

And in that case the deed of assignment should be recorded in the court of each district.

BILL IN EQUITY. The principal allegations of the bill were as follows :—

That on the 29th day of April, 1858, Edward A. Parsons, of Newtown in the county of Fairfield, was the lawful owner in fee of the following tract of land, and buildings thereon standing, and situated in said Newtown, (describing the same;) that said Edward then was, and long had been, a member of the firm of Wm. A. & Edward A. Parsons, of said Newtown, which partnership consisted of the said Edward A. Parsons and William A. Parsons, also of said Newtown ; that said firm of Wm. A. & Edward A. Parsons was, on the 29th day of April, greatly indebted and embarrassed, and on the eve of bankruptcy, and that the said Edward was then deeply indebted and insolvent; that, on said 29th day of April, the

said Edward, for the fraudulent purpose of avoiding the payment of his just debts, did execute and deliver to Volutia B. Botsford, of said Newtown, the mother of the wife of said Edward, a quit claim deed of said premises, the said Volutia then well knowing all this, and conspiring with the said Edward for that purpose; that when said deed was given to said Volutia, the said Edward was, with his brother Wm. A., indebted to the petitioner in the sum of one thousand dollars; that afterwards, on the 15th day of December, 1858, the said William A. and Edward A. Parsons, made a deed of assignment, under their hands and seals in writing, of all their property and estate, both real and personal, to David V. B. Baldwin of said Newtown, as their trustee, for the benefit of their creditors, under and in accordance with the provisions of the statute law of this state, entitled " An act for the relief of insolvent debtors, and for the more equal distribution of their effects among their creditors," and the several acts in addition thereto; that said Baldwin accepted said trust, and was confirmed by the court of probate, for the probate district of Newtown, as said trustee, and gave bond for the performance of his trust in due form of law, and in all respects proceeded therein in due conformity to law; by virtue of which said assignment and proceedings, all the legal and equitable right, title and interest of the said Parsons in and to said tract of land and buildings, became vested in said assignee, in trust for the benefit of the creditors of the said Parsons; that said trustee obtained an order from said court of probate, directing and empowering him to sell at public auction all the real estate of the said Parsons; that said trustee, on the 20th day of July, 1859, sold at public sale, and in conformity with said order, the real estate hereinbefore described, for the sum of $450, to the petitioner, and made return of his doings in the premises to said probate court; and that the petitioner paid said trustee said sum of $450 for said land, and said trustee by a good and sufficient legal deed, then and there conveyed to the petitioner all the interest, at law and in equity, of said trustee in said tract of land and buildings; by means of which said deed and conveyance the petitioner became and was

invested with the whole interest and title in and to said premises. The petition then averred that the petitioner had requested the said Volutia Botsford to execute a release deed to him of the land, but that she had refused, and that the conveyance to her had created a cloud upon his title ; and prayed for a decree of the court, removing the cloud, and requiring the said Volutia to execute a release to him, or vesting the title fully in him, and enjoining her against making any claim to the land.

The respondent demurred to the bill, and the questions arising on the demurrer were reserved for the advice of this court.

*Dutton*, with whom was *Beers*, in support of the demurrer.

The petition does not show a title in the petitioner. The language of the petition is to be taken most strongly against the pleader. We can not therefore infer that the language of the assignment was any more comprehensive than that of the petition. And the allegation of the petition as to the assignment, can not be helped by the other allegation, that the title to the land in question passed by it to the trustee, as this is a mere inference of law, which, by a well settled rule of pleading, is of no effect where the facts from which the inference is drawn are not stated. The assignment is therefore to be taken as a joint assignment by the partners of all " their " property. A proper construction of such language is that it means all their joint property. No other property could be called theirs, as neither has any interest in the private property of the other. The authorities which seem to stand in our way are not to be regarded as decisive of the question. The question is one under our statute, which we are at liberty to construe for ourselves. It pertains also to our insolvent system, which stands upon its own statutory foundation, and not on general principles. Further, the rules adopted under the English bankrupt law are generally not rules of equity, properly so called, and which should influence other courts of equity, but mere rules of convenience, and the rule there adopted with regard to partnership assignments is to be regarded only as a

rule of practice. And the Massachusetts decisions are founded on special requirements of the statutes of that state. Such a construction adopted by our courts would involve difficulties of a serious character. If a partnership assignment carries the private property of the partners, shall all the estates be settled together or separately? If separately, nothing is gained, since separate assignments could as well be made, and if not made, compulsory proceedings could be instituted by creditors. If each partner is a partner also in other copartnerships, are all the copartnerships dissolved and carried into insolvency by the assignment of the first partnership? And if so, does it all become one estate, or many independent estates? And where shall the estates be administered upon, the statute requiring every partnership estate to be settled where the partnership did its business and every private estate where the debtor lives? And shall all claims against all the estates be proved together? The simplicity of our system will be entirely destroyed when the rule is established that partnership and private estates are necessarily to pass by a conveyance by partners of all " their " property.

*Hawley* and *Taylor*, contra.

The language of the assignment, if it be supposed to be the same as that of the petition, would be sufficient to carry not only the joint property of the partners but the separate property of each. Sheppard's Touch., 84. Co. Litt., 45 *a*. But it is not necessary that the deed be set out in the petition, but only its legal effect. It is averred that the deed conveyed this very property. *Non constat* but that it conveyed it by description. The other allegations of the bill show clearly the meaning of the pleader, and all are to be considered together in determining the sufficiency of the bill. The English cases hold that the separate property of the partners passes by the assignment of the commissioners in bankruptcy of the partnership. Cooper's Bank. Law., 167. *Ex parte Cook*, 2 P. Wms., 500. *In re Simpsons*, 1 Atk., 137. 2 Madd. Cha., 464. The same is holden in Massachusetts. *Hanson* v. *Paige*, 3 Gray, 239. *Judd* v. *Gibbs*, 3 id., 539. Our insolvent act intends, on the failure of a debtor, to make a final settlement of all his assets

of every kind. Secs. 1, 2, 13, 20. *Camp* v. *Grant*, 21 Conn., 41. *Allen* v. *Centre Valley Co.*, id., 130.

SANFORD, J. The only question in this case is, whether the allegations in the bill show that the petitioner has a good title to the property in question. It is to be remarked, in the first place, that this is a question of pleading merely. It regards only the petitioner's allegations of title. The deeds in which that title originated are not recited. What their terms are we are not informed, and we are not called upon to give them a construction. The petitioner's allegations in relation to his title are, in substance, that William A. and Edward A. Parsons of Newtown were partners, and were insolvent; that Edward was originally the owner of the controverted land; that he made a voluntary and fraudulent conveyance of it to the respondent; that afterwards " said William A. and Edward A. Parsons made a deed of assignment, under their hands and seals in writing, of all their property and estate both real and personal, to David V. B. Baldwin of said Newtown, as their trustee for the benefit of their creditors," under the act of 1853 for the relief of insolvent debtors, " by virtue of which said assignment and proceedings all the legal and equitable right, title and interest of the said Parsons, in and to said tract of land and buildings, became and was vested in said assignee, in trust for the benefit of the creditors of the said Parsons;" that the trustee, under an order of the court of probate directing him to sell all the real estate of the said Parsons, sold the real estate before described, to the petitioner, and that " said trustee by a good and sufficient legal deed then and there conveyed to the petitioner, all the interest at law and in equity of said trustee in said land and buildings; by means of which said deed and conveyance the petitioner became and was invested with the whole interest and title in and to said premises."

The respondent contends that these allegations are of a partnership assignment of partnership property only, and consequently not of the property in question, so that the trustee having no title could convey none to the petitioner.

We think the respondent is wrong. The language of the allegation—" the said William A. and Edward A. Parsons made a deed," &c., " of all their property real and personal"— is certainly broad enough to include the separate property of each of the partners, as well as the common property of both of them, and whether it is to be so construed or not, depends upon the intention of the pleader, as evinced by the whole structure of the bill, and all the allegations therein relating to the subject. As already remarked, we are not called upon to give a construction to the deed of assignment, for that is not before us. And if it be true that the language of a bill in equity, when equivocal, is to be construed most strongly against the petitioner, there is no rule which restricts us to the consideration of a single allegation of doubtful import, while there are other allegations in the same bill which render the pleader's meaning clear and certain.

We think the fair import of the allegation that William A. and Edward A. Parsons conveyed all their property to the trustee, is, that the conveyance covered their separate as well as partnership property. In the case of *Hanson* v. *Paige*, 3 Gray, 239, partners alleged in their petition that they were indebted in divers sums which they were unable to pay in full, and that they wished to surrender all *their* property for the benefit of *their* creditors," &c., and Thomas, J., in giving the opinion of the court says,—" The averment that *they* wish to surrender all *their* property for the benefit of *their* creditors, extends to all their property, held in any capacity, which is by law applicable to such payment." And in the case of *Judd* v. *Gibbs*, 3 Gray, 539, Gibbs and Ingersoll were partners and became insolvent, and the commissioner of insolvency made an assignment of " all the˜ estate, real and personal, of said insolvent debtors," and the court held that the assignment of " all the estate of the said insolvent debtors," included all the property held by them in any capacity, whether jointly or severally.

But the meaning of the pleader is rendered clear by his subsequent allegation, that by virtue of that assignment and the proceedings thereon, all the right, title and interest of said

Parsons in said property became and was vested in said assignee, in trust for the benefit of the creditors of the said Parsons, and was by the trustee sold and conveyed to the petitioner.

The bill then, upon its face, contains sufficient allegations of the petitioner's title to the property in question.

In the construction of a deed of assignment, as of all other written instruments, the intention of the maker is to be sought for in the legitimate channels of inquiry, and when that intention is ascertained it is to be effectuated if by law it may. So that whether, under a deed of assignment made by partners, the separate property of the individual members of the firm passes, as it may, to the trustee or not, is to be determined by the instrument itself, examined in the light of those settled rules of interpretation and construction which the law supplies.

And we think that neither the policy of the law nor the provisions of the statute are in conflict with this view of the subject. The statute indeed recognizes, as subject to the operation of its provisions, several species of insolvent estates. Thus the fifth section provides that all proceedings shall be had in the probate court of the district in which such insolvent debtor, or one of such insolvent debtors, resides, except in the case of insolvent copartnerships and corporations, which shall be had in the probate court of the district within which such copartnership or corporation had its office or principal place of business. The first allows the sum of one hundred dollars in cash to be excepted from a voluntary assignment only in the case of a sole assignor. And the tenth is obviously applicable to an individual, and not to a copartnership assignment.

An assignment may be made by a copartnership of all its copartnership property, and of that alone, in which case the one hundred dollars spoken of in the first section of the act can not be excepted from, or left out of, the assignment, and neither of the partners will be entitled to the benefits of the tenth section. But the same instrument may include, and convey to the trustee, the separate property of the individual partners, as well as the property of the partnership, and whether it does or not, must depend upon the intention of the

parties as shown by the terms employed by them in the instrument ; as two or more several owners of real estate may by one and the same deed convey to one grantee their several estates, and they may also by the same deed convey property which they hold as tenants in common, joint tenants or co-- parceners ; and whether, in the particular case, the several and the joint estates are both conveyed, or only the one without the other, will depend upon the true interpretation and construction of the deed itself. It may be in effect the several deed of each of the grantors as to his several estate, while as to their joint estate it is the joint deed of all of them.

Whether the provisions of our statute require that there should be as many independent administrations as there are independent estates to be administered upon, notwithstanding the assignment of the several estates to one and the same trustee, by one and the same deed, or whether all of the estates so assigned should be administered as one estate, we need not now decide, because it does not appear whether, in the case before us, the proceedings were conducted in the one way or the other. And upon this point we will only add, that courts of probate are not, like courts of law, hampered by unyielding forms, and can adapt their proceedings, orders and decrees so as to meet the exigencies of the particular case before them, and that both the allegations in the bill admitted by the demurrer, and the maxim " *Omnia presumuntur legitime facta donec probetur in contrarium,*" require us to presume that these proceedings were in fact conducted in the court of probate as the law requires.

No question arises in this case, and probably no difficulty will arise in any case, in regard to the jurisdiction of the probate court. If, as in the case at bar, the office or principal place of business of the copartnership and the residence of all of the individual partners are within the same district, all proceedings in the court of probate will of course be had in that district. But when the office or principal place of business of the partnership is in one district, and the residence of one or more of the individual partners in another district or other districts, then it would seem that, under the provisions of the

fifth section of the act, the copartnership estate should be settled in one district, and the several estates of the individual partners in another district, or other districts, in which the partners respectively reside. And in that case the deed of assignment should be recorded in the several probate courts accordingly.

The demurrer ought to be overruled.

In this opinion the other judges concurred.

Bill sufficient.