EDWARD VON WETTBERG *vs.* JAMES CARSON.

An assignment in insolvency made by two partners described the property assigned as "*all our real and personal estate, and claims and choses in action, of every kind whatsoever, and wheresoever situated, except property by law exempt from execution.*" Held to carry their individual as well as partnership property.

The statute (Gen. Statutes, p. 384, sec. 27,) provides that property of a debtor attached within sixty days before proceedings in insolvency are instituted, shall go to the trustee in insolvency, who shall have the same right to recover such property as the officer might have had. Held that where a receipt was given for attached property where none had in fact been attached, so that there was in fact no property in the hands of the receiptor to go to the trustee, there could be no recovery against him by the officer in a suit upon the receipt.

COVENANT, upon a receipt given for attached property; brought to the City Court of the city of Hartford, and tried on an issue closed to the court. Facts found and judgment rendered for the defendant, and motion in error by the plaintiff. The facts are fully stated in the opinion.

*M. R. West* and *M. E. Merrill*, for the plaintiff.

*W. Hamersley*, for the defendant.

GRANGER, J. The facts of this case are substantially as follows: On the 24th of July, 1875, a writ was issued in favor of Chauncey B. Boardman, of Hartford, against James Tehan, directed to the sheriff of Hartford County, his deputy, or either constable of the town of Hartford, with directions to attach to the value of seven hundred dollars the property of the defendant. The writ was placed in the hands of the plaintiff as deputy sheriff, who served the same, and on the 24th of July, 1875, pursuant to the instructions of the attorney of Boardman, the plaintiff in serving the writ of attachment took into his custody two horses and one hack, the property of Tehan, of the value of seven hundred dollars, and removed them from his premises. Tehan then, in order to obtain possession of the property, offered to procure a receiptor for it. The plaintiff assented, and the following

receipt was drawn by the officer, and executed by Tehan and the present defendant:

"Received of Edward Von Wettberg, deputy of the sheriff of the county of Hartford, State of Connecticut, seven hundred dollars, lawful money of the United States. All which is this day attached as the property of James Tehan, at the suit of Chauncey B. Boardman, of the town of Hartford and said county, against James Tehan, of said town of Hartford, as per writ demanding seven hundred dollars damages and costs of suit, and returnable to the August term of the City Court for the city of Hartford, on the first Monday of August, 1875. Which said property we hereby jointly·and severally acknowledge to be the proper estate of said defendant, and to be of the value of seven hundred dollars. And we further jointly and severally agree to keep the same at our own risk and expense, and to redeliver the same to the said Wettberg, deputy sheriff, or to his order, on demand, and on failure thereof to pay the said Wettberg, deputy sheriff, for said property at the above valuation, and such other costs and damages as he may sustain thereby. Dated at Hartford, this 24th day of July, 1875.

JAMES TEHAN, (L. S.)
JAMES CARSON, (L. S.)'

Upon the execution and delivery of this receipt to the plaintiff, he delivered up the property taken by him to Tehan.

On the 28th day of August, 1875, Tehan and one Thompson C. Stroud, who was a partner of Tehan, made an assignment of their property for the benefit of all their creditors in proportion to their respective claims, in accordance with the insolvent laws of this state. The assignment was filed in the probate court on the 30th of August, 1875. A trustee was afterwards appointed, and the settlement of the estate proceeded with. Judgment was obtained in the suit in the City Court and execution was issued, and on the 30th day of August, 1875, soon after the assignment was filed in the probate court, demand was made on Tehan, and on the present defendant Carson, for the amount named in the execution, being $674.07 debt, and $16.54 costs, and both Carson and

Tehan refused to pay the same. And on the same day demand was made on them both for the amount of money named in the receipt, and both refused to pay the same. Neither Carson nor Tehan, nor Tehan and Stroud, ever received any money from Von Wettberg, at the time of signing the receipt or at any other time, and "no lawful money of the United States" was attached or taken by the officer on the original process. The officer returned on the writ that he had attached as the property of the defendant seven hundred dollars lawful money of the United States.

On the 6th of September, 1875, Tehan and Stroud made separate assignments of their respective estates, for the benefit of their creditors, which were filed in the probate court on the same day, but no further proceedings were had on these assignments. Tehan did not by virtue of his assignment convey to his trustee any money, nor did any money pass to him. Nor did Tehan and Stroud, by virtue of their assignment, convey any money to the trustee of their respective estates, nor was any money paid over to the trustee, by them as copartners, or by either of them separately. Carson has never paid any money, since giving the receipt, to the plaintiff in this suit, or to Boardman, the plaintiff in the original suit, or to the partnership of Tehan and Stroud, or to them individually, nor to the assignee of the estate of Tehan and Stroud. The court below rendered judgment for the defendant, and the case comes before this court on a motion in error.

The main question in the case is—whether the assignment of Tehan and Stroud, under the statute relating to insolvent debtors, discharged the lien created by Boardman's attachment, and as a legal consequence released the defendant, Carson, from his liability to the plaintiff on the receipt. The language of the assignment is, "that we, James Tehan and Thompson C. Stroud, partners under the name of James Tehan, do hereby give, grant, sell, convey, transfer and assign to E. Henry Hyde, Jr., trustee, &c., all *our* real and personal estate, debts, demands, claims and choses in action of every kind whatsoever, and wheresoever the same may be situated,

except what property is by law exempt from execution." We think there can be no doubt that it was the intention of the parties to this instrument to convey, not only the copartnership property, but their individual property also. This intention is manifest from the language used—"all our real and personal estate, &c., of every kind whatsoever, and wheresoever the same may be situated." In the case of *Coggill* v. *Botsford*, 29 Conn., 445, the language used in the deed of assignment was, "all their property real and personal," and Judge SANFORD says that the words are certainly broad enough to include the separate property of each of the partners, as well as the common property of both of them. The language of the present deed is much broader and more explicit than in the case cited, and we entertain no doubt that the assignment of Tehan and Stroud conveyed all their copartnership and individual property.

And this being so, we are equally clear that the attachment of Boardman was thereby dissolved, and that he had no claim against the officer, and the officer none against the defendant. It is provided by statute (Gen. Statutes, p. 283, sec. 25,) that "the commencement of proceedings in insolvency shall dissolve all attachments, and all levies of executions not completed, made within sixty days next preceding, on the property of the insolvent debtor." The case finds that the assignment was filed in the probate court on the 30th of August, 1875. The attachment was made on the 24th of July, 1875, and the case comes clearly within the above provision. Again, it is provided in the 27th section of the same statute that "receipts and bonds substituted for attachments and executions on the property of a debtor, and property belonging to him attached or levied upon by execution within sixty days before proceedings in insolvency are commenced against him, shall be delivered to the trustee of the estate in insolvency, who shall have the same rights to recover such property in the name of the officer attaching the same as such officer might have. In *Bishop* v. *Fowler*, 35 Conn., 6, Judge HINMAN says, "The receipt represents the property of the insolvent, which presumptively is in the hands of the receiptors.

If that property had been delivered up when demanded, it would have belonged to the trustee, for the benefit of all the creditors of the insolvent estate, and the avails of it when recovered of the receiptors are but a substitute for the property itself, and should belong to the same trustee." So in this case, if the property represented by the receipt had been delivered up when demanded, it would have belonged to the trustee for the benefit of all the creditors, and to allow the plaintiff to recover for the benefit of Boardman, "would in effect make him a privileged creditor over the other creditors of the assigned estate. This is directly contrary to the policy of the insolvent law." HINMAN, J., in the case above cited. But in this case no money or other property was in fact attached, belonging to Tehan or Stroud or both, except what went back into Tehan's hands. The receipt was purely fictitious, so far as the money attached was concerned, till the property of Tehan and Stroud went into the hands of their trustee. And their creditors have suffered no loss. We think it would be unjust to allow the plaintiff to recover on this receipt for the benefit of Boardman, as well as clearly against the statutes referred to.

Many other questions have been made in the case, but the views above expressed render a discussion of them unimportant.

There is no error in the judgment of the court below.

In this opinion the other judges concurred.