Lucius H. Boughton, Trustee, *vs.* Charles H. Crosby.

Separate assignments in insolvency by the several members of a copartnership of all their property, made to the same assignee, convey to the assignee their partnership property.

An officer attaching an animal has a right to charge for its keeping while in his custody in his bill of fees. The expense thus incurred is a part of the costs, which become a preferred claim against the estate of the debtor if the attachment is vacated by his going into insolvency.

The officer looks to the attaching creditor for his fees, and the creditor presents the claim for the costs in his own name against the assigned estate.

Neither the officer nor the attaching creditor has any lien upon the property, as against the trustee in insolvency, which authorizes them to hold possession of it till the costs are paid.

Assumpsit for the proceeds of the sale of a horse, brought by appeal from a justice of the peace to the Court of Common Pleas, and tried in that court before *Hall, J.* The

plaintiff sued as trustee in insolvency of the estate of Ernest Weiss and Louis Nies, assigning debtors, and the defendant set up in his defense that the horse had been attached by him as a constable, in a suit of Virgil E. Barnum against Weiss and Nies as copartners, and had been sold according to law; and it appeared that he had paid over to the trustee the proceeds of the sale after deducting his fees as an officer and the cost of keeping the horse. The court rendered judgment for the plaintiff for the amount so retained, and the defendant moved for a new trial. The points decided by the court will be sufficiently understood without a further statement of the case.

*W. F. Taylor* and *H. W. Taylor*, in support of the motion.

*S. Tweedy*, contra.

CARPENTER, J. The motion for a new trial must be denied.

1. Separate assignments in insolvency by the individual members of the firm, Ernest Weiss and Louis Nies, to the same assignee, of all their property, included their joint property, and conveyed to the assignee the partnership effects, and authorized him to administer the partnership estate. Collyer on Part., § 1041; 3 Parsons on Cont., 520; *Harmon* v. *Clark*, 13 Gray, 114.

2. The defendant as constable attached a horse, the property of the partnership, in a suit in favor of Virgil E. Barnum, and took the same into his possession. He then delivered the horse to Barnum to keep. The subsequent insolvency of the partners dissolved the attachment. Under these circumstances the defendant had no lien on the horse for his keeping. The expense thus incurred was a part of the cost of the attachment. If the officer pays it he looks to the attaching creditor for reimbursement, and the creditor may present his costs, including such expense, against the estate as a preferred claim. There is no occasion for a lien, and the law will not embarrass the insolvency proceedings by recognizing one.

3. The claim of the defendant to a lien for the expense of

keeping the horse is not aided by the fact that he paid Barnum $16 for the keeping. Barnum had no lien against him for the keeping of the horse and could have none against the trustee. Such costs constitute, as we have said, merely a preferred claim against the estate, to be presented and allowed like other claims. So far from Barnum's having a lien against the defendant, it was he who was liable to the defendant for his fees and expenses in attaching and holding the horse. If the defendant himself had kept the horse he could have recovered the amount of Barnum, leaving him to present the claim for the costs against the estate as attaching creditor.

The officer therefore can not stand upon any lien of his own or of Barnum.

In this opinion the other judges concurred.