Willie, Chief Justice.
This case turns upon the construction of the deed of assignment made by W. H. Shepperd and R. L. Ferrell to Gr. C. Ferrell, for the benefit of their creditors. It is claimed by the appellant that the deed is void because it passes partnership property only, and provides for the discharge, of the assignors. The deed does provide for a discharge by consenting creditors, and, if it conveys partnership property only, is void under the decision in Donoho v. Fish Brothers, 58 Texas, 164.
The deed is in all material respects similar to the one passed upon in the case of Coffin v. Douglass, 61 Texas, 406, and which we upheld as conveying both partnership property and the separate estates of the individual partners. In that instrument the partnership name Was used, and the signatures of the individual partners were appended. The same is true as to the deed under consideration. That deed and this also purported to convey all the property of the assignors of all kinds, both real and personal. There were, however, some expressions in the deed passed upon in the Coffin v. Douglass case, which are not found in this, and these were there relied on to control the general language of the conveyance and restrict it to the partnership property. These expressions were held not to control the more general description of property given in the deed, this court not being disposed to *642 give a narrow and technical construction to the language of such instruments. This deed has no such apparent restrictions upon the generality of the conveyance. It conveys all the real and personal estate of the grantors without limit, and unless we violate the well settled rules of construing such assignments, we must hold that individual, as well as partnership property, was assigned, and the clause providing for releases did not vitiate the instrument.
Opinion delivered October 18, 1887.
If the instrument were ambiguous, we should, under these rules, be compelled to give such construction, if consistent with the language, as would render it operative; we must certainly do so when nothing but a strained construction would make it render its validity in the least doubtful.
Some questions asked a witness during the trial by the appellant’s counsel were ruled out, and we are asked to revise the action of the court in this-respect. But no proper bills of exception were reserved to those rulings, those found in the record stating neither the objections raised to the questions, nor what the answers of the witness would have been if admitted. The objections raised may have been frivolous, and the answers, if received, may not have been of a character to benefit the appellant’s case. (Moss v. Cameron, 66 Texas, 412; Dunham v. Forbes, 25 Texas, 25.
There is no error in the judgment, and it is affirmed.

Affirmed.