## WILLIAM H. KITTRELL v. LEON & H. BLUM.

### No. 6499.

**Assignment for Creditors.**—An assignment for the benefit of creditors was executed by one only of several partners, and which purported to convey the partnership and individual property of the members of the firm. Afterwards, and before its ratification by the other member of the firm, the property was seized under attachment by a creditor of the firm. The assignee gave claimant's bond. In a trial of right of property, *held:*

1. The assignment when executed was void, and was valid under the statute only from the date of its ratification by the partner who did not execute it.

2. The ratification could not relate back so as to affect the lien of the attachment.

3. To have been a valid assignment it should have conveyed all the individual property of each member of the firm which was subject to forced sale.

4. The declaration of the ratifying partner made after attachment that the original deed of assignment was made under his instruction could not affect rights secured by attachment.

5. They could only be affected by competent evidence on the trial showing the existence of power in the original maker of the assignment to act for each member of the firm in conveying his individual property.

APPEAL from Erath. Tried below before Hon. T. L. Nugent.

The opinion states the case.

*Lee Young*, for appellant. — 1. The deed of assignment is sufficient upon its face, conveys all the property of the firm and of the individual members of the firm, and vested title in appellant. Coffin v. Douglass, 61 Texas, 407.

2. The assignment being upon its face and in the most express terms a conveyance of all the property both of the firm and of the individual members thereof, the question is solely one of authority, and the authority of P. W. Rhodes to execute the instrument was sufficient, both as to the firm and as to S. L. Battle individually, and his act was afterwards ratified. McKee v. Coffin, 66 Texas, 307, 308; Story on Agency, secs. 245, 248, 244, 256.

Proof of the agency. 1 Greenl., sec. 13; 2 Greenl., sec. 60.

*Scott & Levi*, for appellees.—The court did not err in finding for appellees, upon the evidence in the cause, that the property in question was subject to levy under the writ of attachment. Donaho v. Fish Bros. & Co.,

58 Texas, 169; Coffin v. Douglass, 61 Texas, 406; Still v. Focke & Wilkens, 66 Texas, 715; Cleveland v. Battle, 68 Texas, 111; Burr. on Assign., secs. 86, 88, 201, 192–197; Story on Agency, sec. 246; Whart. on Agency, secs. 77, 78.

COLLARD, JUDGE.—P. W. Rhodes, one of the firm of S. L. Battle & Co., on the 2d day of October, 1886, made an assignment of the partnership and individual property of the firm and its members to W. H. Kittrell, for the benefit of accepting creditors only; filed inventories of the partnership assets, duly acknowledged the assignment, and filed same in the office of the county clerk. Kittrell accepted the trust in writing the same day.

S. L. Battle was not present when the assignment was made, but on the 13th of the same month he ratified the acts of his partner, in writing, and aided in filing other inventories of partnership property, there being no real estate of the firm or of the individual members of the firm except such as was exempt from forced sale.

Before the ratification, on the 6th day of October, 1886, Leon & H. Blum caused to be issued an attachment for debt of the firm and one O. D. Battle, who it seems was also a member of the firm, or had been, and on the 7th caused the same to be levied on property included in the assignment. They proceeded to judgment in the attachment suit and foreclosed the lien to secure the same for $1200.

Kittrell, the assignee, filed a claimant bond and oath for the trial of the right of property; the issues were tried, and resulted in a judgment for the attaching creditors.

The principal question in the case, and the only one that need be considered, is, can the assignment have effect as against the levy of the attachment?

It has been decided in this State that a statutory assignment for the benefit of accepting creditors only must convey all the debtor's property, and when it is a partnership assignment it must convey all the partnership property and that of each individual member of the firm, except property exempt from forced sale for debt. If it does not do this it is void. Donaho v. Fish Bros. & Co., 58 Texas, 166; Coffin v. Douglass, 61 Texas, 406; Still v. Focke & Wilkens, 66 Texas, 716; Baylor County v. Craig, 69 Texas, 332, 333.

Rhodes had no power or authority to make the assignment of his copartner's private property; at least the evidence does not show such authority. The ratification made by Battle declares that the original deed was made by his instructions. But this declaration was no evidence of the fact; it was nothing more than the unsworn statement of the fact, and did not prove it as against the previously vested rights of the levy. Rhodes informed Long, who drafted the deed, at the time it was done that he had authority

to assign for Battle; but Rhodes could not so establish his agency. Battle after the levy orally stated that he had authorized the assignment, but such unsworn declaration would be no evidence of the fact against plaintiffs. If the fact were true it could have been shown by the sworn testimony of Battle or Rhodes on the trial, neither of whom was called to testify. Had such authority been given by parol it would have been sufficient, as all the property of the firm as such and as individuals was personal property. The fact was not, however, shown by any legitimate evidence, and the court trying the cause upon the facts as well as the law evidently concluded that such illegitimate evidence as bore upon the point was not sufficient to establish it. Battle could ratify the assignment, but not so as that it would retroact and divest rights of a levy previously made. When the attachment was levied there was no legal assignment—it was at that time void; the ratification could not validate it so as to defeat the levy. They, the Blums, had the right to levy on the property of the firm, and the lien so acquired could not be defeated by subsequent acts of the parties.

In the case of McKee v. Coffin, 66 Texas, 307, 308, it was held that an assignment might be made by an agent duly authorized, and also that a ratification of it before the levy of an attachment would be good against the levy. This is certainly good law, but the line is drawn upon the condition that the ratification was before the levy. · We have thus decided the only assignment made by appellants.

We have found nothing in the record showing any error in the judgment, and conclude it ought to be affirmed.

*Affirmed.*

Adopted May 20, 1890.