(Hamilton County Court of Insolvency.) June Term, 1897.

IN THE MATTER OF THE ASSIGNMENT OF JOHN E. PERIN AND PERLEY H. PERIN, PARTNERS DOING BUSINESS AS THE PERIN COAL COMPANY.

A deed of assignment by a firm, signed by the members individually, and conveying all "property and effects of every description belonging to. us, etc., except as is by law exempt from execution," is broad enough to convey the individual property of the partners, including a life estate.

---

Heard on motion to strike from the inventory.

McNEILL, J.                        .

On February 26, 1897, John E. Perin and

Perley H. Perin, doing business under the firm name of the Perin Coal Company, made an assignment under the insolvent laws of Ohio, to H. T. Loomis. The deed of assignment was signed by the parties individually, was properly executed and acknowledged, and filed in this court on the same day. The assignee duly qualified and proceeded to execute the trust. In making an inventory of the assigned estate, the assignee included therein a life estate, which Perley H. Perin one of the partners, owned in a lot of land known as the "Beach" lot, and which was used by the firm in carrying on its business. A motion is now made by Perley H. Perin to strike this item from the inventory. claiming that it is his individual property, and that it was not conveyed by the deed of assignment.

The language of the deed of assignment s: "We, the said John E. Perin and Perley H. Perin, in consideration of the premises, and of one dollar to us paid by H. T. Loomis, the receipt of which we hereby acknowledge, have granted, bargained, sold, assigned, transferred and set over, and by these presents do grant, bargain, sell, assign, transfer and set over unto said H. T. Loomis all and singular the lands, tenements, here-ditaments and appurtenances, goods, chattels, stocks. promissory notes, debts, choses in action, evidences of debt, claims, demands, property and effects of every description belonging to us wherever the same may be situated, except such property as is by law except from execution."

As before stated, the deed is signed by the parties individually. The above language quoted from the deed of assignment is broad enough to convey, and does convey the individual property of the partners. Von Wettberg v. Carson, 44 Conn., 287; Cogill v. Botsfod, 29 Conn., 439; Wharton v. Fisher, 2 S. & R., 178; Burrill on Assignments, (6 Ed.,) Sec. 286.

The motion to strike from the inventory will, therefore, be overruled.

George W. Hengst, for Perin; H. T. Loomis, contract.