W. W. MAUGHLIN, SR., and others, trading as W. W. MAUGHLIN & SONS *vs.* GEORGE G. TYLER.

### DEEDS.

*Deeds of trust for benefit of Creditors—When made by partners must convey individual estates as well as partnership effects—Power of one partner to dispose of partnership effects by deed of trust without consent of others—Such deeds must not contain any provision calculated to delay creditors.*

It has been settled by a series of decisions in this State that a deed of trust for the benefit of creditors, creating preferences and exacting releases is *void*, unless it appears on its face to convey all the property of the debtor, and where such a deed is executed by partners, it must so appear to convey both their partnership effects and their individual estates.

Where several parties are actual partners *inter sese*, and one of them, without the consent and against the wishes of the others, makes a deed of trust for the benefit of creditors, although the terms of the deed are broad enough to include the property of the partnership, the decided weight of authority is against the power of one partner to make such a disposition of the partnership effects.

35        v. 47.

Maughlin, *et al. vs.* Tyler.

Where several parties are ostensibly partners, but are not actually partners *inter sese*, if one of such partners make a deed of trust for the benefit of creditors, whereby he conveys to the trustees all his property, both his individual estates and partnership effects, although the grantor own all the property of the ostensible partnership, still, occupying as to third parties the relation of partners, the deed, to be operative against the claims of third parties, must convey the individual property of all the ostensible partners.

Claims of creditors whom the law regards and treats as creditors of a firm, cannot be affected by such a deed unless it professes to convey the individual property of all the parties whom the law regards and treats as partners with respect to such creditors.

In a deed of trust for the benefit of creditors, no provision which is manifestly calculated to hinder and delay creditors can be tolerated.

A power given to the trustees in such a deed to exercise a general sound discretion in the interest of the trust, and in the exercise of which discretion the direction of a Court of equity may be invoked, will not invalidate the deed.

A debtor cannot, by any provision in such a deed, postpone his creditors to an indefinite future period without their assent.

APPEAL from the Court of Common Pleas of Baltimore City.

This was an action brought by the appellee against the appellants, as partners, to recover money due for lumber sold to them by the appellee.

There was no dispute as to the claim sued on, but the defence was rested entirely upon a release executed by the plaintiff in pursuance of the terms of a deed of trust for the benefit of creditors made by one of the defendants.

It was conceded that the appellants were partners as to third parties, and it was proved that the said deed of trust was made by only one of the three partners, without the assent and contrary to the wishes of the two others.

The said deed of trust conveyed "all the lands, tenements, goods and chattels, *choses in action*, book-accounts, bills receivable, moneys and other matters and things

whereof the '*grantor*' is seized or possessed, or in any manner interested in or entitled to.''

And the said deed exacted releases, and created a preference in favor of the releasing creditors.

The plaintiff executed to the grantor his release under seal, in consideration of the preference given by the deed of trust, from all claims and demands which he had against him, and agreed to accept of such sums of money or dividends as might accrue to him under the deed of assignment in full satisfaction of said claims and demands.

After the conclusion of the evidence, the plaintiff and defendants each offered several prayers.

The following prayer embodies the substance of the instructions asked on the part of the plaintiff:

"If the jury shall believe from the evidence in this cause, that the defendants, W. W. Maughlin, Senior, Hugh A. Maughlin and W. W. Maughlin, Junior, were at the time of the alleged purchase by them from the plaintiff of the goods and lumber charged in this case, co-partners, trading as W. W. Maughlin & Sons, and shall further find that said co-partnership continued up to the time of the execution of the deed from W. W. Maughlin to Henry James, and others, offered in evidence in this case, and that said Hugh A. Maughlin and W. W. Maughlin, Jr., did not unite in the execution of said deed of trust; and shall further find that the release offered in evidence in this case was executed in consideration of said deed of trust, then the said release is void, and interposes no bar to the recovery by the plaintiff in this case of such sum as the jury may find is due and owing to the plaintiff for the goods so sold and delivered as aforesaid.''

And the defendants then offered the following prayers:

1. That even if the jury believe from the evidence, that the defendants were partners, and as such liable for the debt sued on in this case, yet if they further believe that the deed of trust offered in evidence was executed by the

defendant, William W. Maughlin, Senior, and that the release offered in evidence was executed by the plaintiff, and that no fraud was used in obtaining said release, then that such release is a bar to this suit, and their verdict must be for the defendants.

2. That if the jury find the facts set forth in the first prayer of defendants, and shall further find that at the time of the execution of said deed and said release the said plaintiff had no other claim of any kind against the defendants, or either of them, in their co-partnership or individual capacity, excepting the one sued upon in this case, then the said release is a bar to this action, and their verdict must be for the defendants.

3. That the said release by the plaintiff is a bar to this action so far as the said Wm. W. Maughlin, Senior, is concerned, and their verdict must be for him.

Whereupon the Court granted the prayers of the plaintiff and rejected those of the defendants, and the verdict and judgment being against them, the defendants appealed.

The cause was argued before BARTOL, C. J., STEWART, MILLER and ALVEY, J.

*George C. Maund,* for appellants.

*J. Thomas Scharf, James Pollard* and *Samuel Snowden,* for appellee.

MILLER, J., delivered the opinion of the Court.

This suit was brought against three persons as partners, for lumber sold to them by the plaintiff. There was no dispute as to the claim sued on and whatever may have been the relations of the defendants *inter sese* it was clearly proved, and in fact conceded, that they were partners as to third parties, and that the plaintiff dealt with

and trusted them as such.   The defence was rested entirely upon a release executed by the plaintiff in pursuance of the terms of a deed of trust for the benefit of creditors, made by one of the defendants.   This deed conveys "all the lands, tenements, goods and chattels, *choses in action,* book-accounts, bills receivable, moneys, and other matters and things whereof the" *grantor* "is seized or possessed, or in any manner interested in or entitled to," and exacts releases, and creates a preference in favor of the releasing creditors.   It is proved the other defendants not only did not assent but objected to its being made.   The release under seal signed by the plaintiff and others in consideration of the preferences given by the deed, is to the effect that the plaintiff does " hereby release the said " *grantor* " from all claims or demands he may have against him, and agrees to accept of such sums of money or dividends as may accrue to him under the deed of assignment, in full satisfaction of said claims or demands."   The plaintiff admitted that at the time he signed this release, he had no other claim of any kind against the defendants, or any one of them either in their joint or individual capacity, except the one sued on.   Is this release a bar to this action?   In our opinion, and for the reasons we shall briefly state, it is not.

It has been settled by a series of decisions in this State, that a deed of trust for the benefit of creditors, creating preferences and exacting releases, is void unless it appears on its face, to convey all the property of the debtor, and where such a deed is executed by partners, it must so appear to convey both their partnership effects, and their individual estates.   *Maennel vs. Murdock,* 13 *Md.*, 177 ; *Citizens' Ins. Co. vs. Wallis, et al.,* 23 *Md.*, 173.   In the case last cited, the deed was held void because it did not convey the individual property of the grantors.   Here the deed also creates preferences and stipulates for releases, but conveys only the individual property of the grantor,

and does not in terms profess to convey partnership property. If these parties were actual partners *inter sese* and the terms of the deed should be regarded as broad enough to include the property of the partnership, still it was not signed by the other partners who were present at the time, but was executed against their protest, and in that case, even if it had professed to assign all the partnership property, the decided weight of authority is against the power of one partner to make such a disposition of the partnership effects. 1 *Amer. Lead. Cases,* (5*th Ed.,*) 551; *Burrill on Assignments,* secs. 68 *to* 86. But assuming these parties were not actually partners *inter sese* and that the grantor in this deed owned in his own right all the property of the ostensible partnership, and that the terms of the deed embrace it, still as we have said, they occupied towards third parties the relation of partners, and this deed is set up as against the claim of a creditor of this ostensible firm. Occupying that relation, the deed to be operative as against such a claim must convey the individual property of all the ostensible partners. Claims of creditors whom the law regards and treats as creditors of a firm, cannot be affected by such a deed, unless it professes to convey the individual property of all the parties whom the law regards and treats as partners with respect to such creditors. Here the deed was not signed by the other ostensible partners, and it cannot for a moment be contended that it conveys their individual property. Whether therefore these defendants were partners *inter sese*, or only such as to third parties, we are clearly of opinion this deed is inoperative and void as to this claim of the plaintiff.

But there is another fatal defect in this deed. It authorizes the trustees to sell, either at public or private sale, and on credit, and to make the sales in part, or in whole immediately, "or to *retain* the property to await a *rise in price,* or a more *favorable market* as they may think most advisable." It has been settled beyond controversy, that

in a deed of this character no provision which is manifestly calculated to hinder and delay creditors can be tolerated. Thus in *Inloes' Case*, 7 *Md.*, 340, and 11 *Md.*, 173, a deed like this, conveying a stock of goods and merchandise in a store, contained a provision empowering the trustee in his discretion to sell the goods "gradually, and in the manner and on the terms in which, in the course of their business, the grantors have sold and disposed of their merchandise," and it was held that this provision was fatal to the instrument, and that it could not be aided by parol proof, that the clause was inserted for the benefit of creditors, and was designed to, and did, in fact, operate to their advantage. The clause in the deed now before us is far more objectionable that this. The power to *retain* the property to await a *rise in price* or a more favorable market, clearly places the property of the debtor beyond the reach and control of his creditors, "for an uncertain and indefinite period." If such a provision is not calculated to hinder and delay creditors, it is hardly possible to conceive of one that is. The clause in the deed in *Maennel vs. Murdock*, which was held as not unreasonable, empowered the trustees to sell "whenever they shall think proper, and most conducive to the interest of the trust." But a general sound discretion like this to be exercised in the interest of the trust; and in the exercise of which the direction of a Court of equity may be invoked, is a very different thing from an express power to retain property to await a specified event which can only occur at some indefinite future period. A *"rise in price"* may not take place for many years, if it ever does, and until it does the trustees are expressly authorized to retain the property. A debtor cannot thus postpone his creditors to an indefinite future period without their assent. In view of what this Court has so frequently decided on this subject, it is, in our judgment, quite impossible to hold that this provision does not render the

deed fraudulent in law and void ; and as was said in *Citizens' Ins. Co. vs. Wallis,* "the deed being void, the *releases* must fall with it, the consideration upon which they were executed having wholly failed, they were inoperative."

Having thus disposed of the sole defence relied on by the defendants to defeat this action, we find the rulings of the Court below free from material error, and the judgment must therefore be affirmed.

*Judgment affirmed.*

(Decided February 22nd, 1878.)