EDWIN L. JONES, Garnishee of RICHARD W. KIM-
BALL *vs.* MARTHA V. SYER and ROBERT SYER.

*Assignment Void as hindering and delaying Creditors—Deed
not to be aided by Extrinsic Evidence.*

An assignment, professing to be for the benefit of creditors generally,
of certain goods, stock in trade and other personal property con-
tained a clause, authorizing and empowering the trustee " to carry on
and conduct said business *in his discretion, for such time as in his judg-
ment it shall be beneficial to do so,* or to sell all of said goods and stock
in trade and property, *at such times, in such manner, and for such
prices as he may deem proper,* and apply the proceeds," &c. HELD:

That the certain effect of this clause would be to hinder and delay
creditors; and as against them such provision rendered the deed
void.

A deed must speak for itself, and its obnoxious provisions cannot be
aided, modified or explained by extrinsic evidence.

APPEAL from the Court of Common Pleas.

The appellees recovered a judgment for $1635, with
interest and costs, in the Court of Common Pleas against
Richard W. Kimball on the 14th of January, 1875.
Upon this judgment an attachment was issued on the
15th March, 1878, and on the same day was laid in the
hands of Edwin L. Jones, the appellant, as garnishee.
The garnishee pleaded *nulla bona,* and on this plea issue
was joined.

At the trial there was offered in evidence a bill of sale
from Richard W. Kimball to Edward M. Cleary, dated
the 9th of March, 1874, which was admitted subject to
exception, whereby the former undertook, for the alleged
consideration of $3000, to convey to the latter, all the
stock of hardware and merchandise, together with the
fixtures, &c., contained in the store and on the premises

No. 274 South Broadway, and other personal property. There was also offered in evidence, and admitted subject to exception, a bill of sale dated the 1st of February, 1878, from Richard W. Kimball and Edward M. Cleary to Edwin L. Jones, which set out as follows:

"Whereas, the said Edward M. Cleary is holder of the legal title of the stock in trade and personal property hereinafter referred to, but owes and stands indebted unto the said Richard W. Kimball, for the balance of purchase money due and owing for the original stock in trade, amounting to the sum of three thousand dollars; and whereas, the said Cleary, in addition to said indebtedness to said Kimball, is indebted to sundry persons for goods sold and delivered to him, in the business heretofore carried on by him at No. 274 S. Broadway, in said city; and whereas, said Cleary is unable to pay his debts in full, including the debt due to said Kimball as aforesaid, and is now desirous of having his said stock in trade sold and applied to the payment of all his debts, contracted and owing in connection with said business, and after the payment of such debts, to apply the balance towards the payment of his said indebtedness unto the said Kimball; and whereas, the said Kimball being also indebted to sundry persons, which he is unable to pay in full, is desirous of having such sum as shall be paid on account of said indebtedness to him, applied towards the payment of his debts.

"Now, therefore, this bill of sale witnesseth, that for and in consideration of the premises and of the sum of one dollar, *to* said Edward M. Cleary and Richard W. Kimball do bargain and sell unto the said Edwin. L. Jones, trustee as hereinafter mentioned, all the goods, stock in trade, consisting of hardware and ship chandlery goods and personal property, now in and about the stores Nos. 272, 274, 276 S. Broadway, and in possession of said Cleary and all the books, book-accounts and debts due

and owing to said Cleary, and twenty-five shares of the Oakum Manufacturing Co. of Baltimore City.

"To be held by the said Edwin L. Jones, in special trust and confidence, nevertheless, and to and for the trust purposes following, and to and for no other purpose whatever, that is to say:

"In trust to carry on and conduct said business in his discretion, for such time as in his judgment it shall be beneficial to do so, or to sell all of said goods and stock in trade and property, at such times, in such manner and for such prices as he may deem proper, and apply the proceeds derived from such sales or the conduct of said business, first, to the payment of all expenses incurred by said trustee in the management of said business, or in the sale of said goods and stock in trade; and secondly, to the payment in full of all debts due and owing by said Cleary, in connection with and on account of said business, if the amount derived from said trust property and business shall be sufficient for that purpose, and if not, then to distribute the same equally amongst said creditors *pro rata ;* and as to any balance which shall remain in the hands of said trustee, after payment of said expenses, and the debt of said Cleary as aforesaid, in trust to pay and distribute the same amongst all the creditors of the said Richard W. Kimball."

The plaintiffs proved by Edwin L. Jones, the trustee and garnishee, that he continued the business at 274 South Broadway, from the 1st of February, 1878, to the 12th of June following, when he sold it out at auction. It was admitted that the amount of the proceeds of sale and collections were sufficient to satisfy the judgment upon which the attachment in this case was issued.

*First and Second Exceptions.*—Stated in the opinion of the Court.

*Third Exception.*—The plaintiffs asked the Court to instruct the jury as follows:

The case having been closed on both sides, the plaintiffs asked the Court to instruct the jury as follows:

1. That the paper-writing offered in evidence by defendant, and bearing date February 1st, 1878, purporting to be a deed of trust, is a void instrument, provided the jury find the facts stated in the second prayer of the plaintiffs.

2. That if the jury find that the witness Kimball was indebted to the plaintiff, Martha V. Syer, the wife of the plaintiff, Robert Syer, on a promissory note for fifteen hundred dollars, dated January 6th, 1869, payable two years after date, given in evidence, the said note being drawn to her order by her then name of Martha V. Foley, and that said plaintiffs obtained a judgment on said note in this Court against the said Kimball, for the sum of $1635, on the fourteenth day of January, 1875, as shown by the original papers in said case given in evidence; and if the jury shall further find that said judgment is due and unpaid, and that the said Kimball was the owner of the stock of goods conveyed to Edwin L. Jones by the bill of sale given in evidence, dated February 1st, 1878, then the plaintiffs are entitled to recover the amount of said judgment and interest thereon, and the plaintiffs' costs in said case of *Syer vs. Kimball,* it being conceded by the defendants in this case, that he has in his hands a sufficient sum of money, the proceeds of sale of said stock of goods, to pay the same.

And the garnishee submitted the following prayers:

1. That the deed of trust offered in evidence, bearing date February 1st, 1878, contains no requirements for releases to creditors, nor any reservation in favor of the grantors or their families, and is therefore not invalid because of its omission to convey *all* the property of the grantors for the benefit of their creditors, nor is said deed rendered void by the discretion therein given the trustee, as to the carrying on of the business and the sale of the goods and chattels mentioned.

2. That if the jury find the execution of the deed of trust offered in evidence, dated February 1st, 1878, and that the trustee therein named, took possession of the goods and chattels mentioned in the deed as such trustee, prior to the issue of the attachment in this case, and to the issue of any execution upon the judgment of the plaintiffs, upon which said attachment is founded, then the plaintiffs are not entitled to recover in this action.

The Court, (BROWN, J.,) granted the plaintiffs' prayers and rejected those of the defendant. The defendant excepted. The jury gave a verdict for the plaintiffs for $2025.62, and judgment was rendered for the same, with interest and costs. The defendant appealed.

The cause was argued before BARTOL, C. J., MILLER, ALVEY and ROBINSON, J.

*Dennis Claude, John M. Carter* and *John Carson,* for the appellant.

*Alexander H. Hobbs,* for the appellees.

ALVEY, J., delivered the opinion of the Court.

If the property embraced in the assignment to Jones, of the 1st of February, 1878, really belonged to Kimball, and the assignment was void, as contended by the appellees, the latter were clearly entitled to recover.

The assignment professes to be for the benefit of creditors generally, and does not exact releases from the creditors as a condition upon which they are allowed to share in the proceeds of the sales of the property assigned ; but, by the express terms of the deed, the trustee, who is the garnishee in this case, is authorized and empowered " to carry on and conduct said business *in his discretion, for such time as in his judgment it shall be beneficial to do so,* or to sell all of said goods and stock in trade and property,

*at such times, in such manner, and for such prices, as he may deem proper,* and apply the proceeds," &c. It is obvious, the certain effect of this clause would be to hinder and delay creditors ; and as against them such provision renders the deed utterly void. It is an attempt on the part of the debtor to place his property, for an uncertain and indefinite period, beyond the reach of his creditors, and to make their rights in a great measure dependent upon the uncontrolled discretion of a trustee of the debtor's own selection. The law will tolerate no such attempt, but treats the act as a fraud upon creditors, and the instrument of conveyance as simply void as against them. The cases in this Court of the *American Exchange Bank vs. Inloes, Garn. of Turnbull & Co.,* 7 *Md.,* 380 ; *Same Case,* 11 *Md.,* 173, and the recent case of *Maughlin vs. Tyler,* 47 *Md.,* 545, are, in all respects, entirely conclusive of this, and it is unnecessary to refer to other authorities upon the subject.

It was attempted to be shown by the testimony of the trustee and garnishee himself, that the discretion given him by the terms of the assignment as to the manner and time of disposing of the property, was intended to be exercised for the exclusive benefit of the creditors ; and the rejection of such evidence was the subject of the first exception taken by the appellant. But it is perfectly well settled that the deed must speak for itself, and that its obnoxious provisions cannot be aided, modified or explained, by extrinsic evidence. The cases of *Malcolm vs. Hodges,* 8 *Md.,* 418, and *Inloes vs. American Exchange Bank,* 11 *Md.,* 173, are conclusive of this question ; and the Court below was clearly right in ruling as it did upon the offer of this evidence.

As to the second exception taken, that relates to a question of the right of set-off attempted to be set up by the garnishee as against Cleary, one of the grantors in the assignment; but that question has become wholly imma-

terial, inasmuch as, under the instruction of the Court, the jury have found that the property assigned belonged to Kimball, and not to Cleary. A debt due from Cleary to the garnishee constituted no set-off as against the claim of the appellees, upon the assumption that the property assigned, or its proceeds in the hands of the garnishee, belonged to Kimball, the judgment debtor in the attachment; and that question is definitely settled by the verdict of the jury.

Finding no error in any of the rulings excepted to, we affirm the judgment.

*Judgment affirmed.*

