## SUPERIOR COURT OF BALTIMORE CITY

Filed December 26, 1888.

### BUSCHMAN
### VS.
### FORSTER CLARK & COMPANY.

*Lanahan & Gosnell* for plaintiff.

*John P. Poe* for Slingluff, garnishee.

*W. S. Bryan, Jr.,* and *B. H. Haman* for trustees in bankruptcy.

*F. C. Cook* for Clark, individually.

HARLAN, C. J.—

The motion to quash the attachment in this case was made by the permanent trustees in insolvency of the defendants, George H. Forster and John E. Clark, said trustees having been appointed in an involuntary insolvency proceeding begun subsequent to the issuing of the attachment; and it is objected on behalf of the plaintiff that they have no such interest in the property attached as to enable them to intervene with this motion; and this is manifestly the first question to be determined.

"The motion to quash may be made either by the defendant himself, or by the garnishee, or by any third party claiming an interest in the property." (Poe on Practice, Sec. 536, and cases cited). I do not understand these authorities to establish the principle that the mere fact of a party appearing on the record as claimant of the property attached will give him the right to test the validity of the attachment, by a motion to quash, without showing that his claim is founded on some vest-

ed or contingent interest in the property; but it is clear that the claim need not rest on any absolute legal ownership. An equitable and contingent interest, such as the inchoate lien of a subsequent attachment, will suffice. (Clark vs. Meixsell, 29 Md. 221). In the pending suit the trustees in insolvency are not only claimants of the property attached both in this Court and the Court of equity, but they are also the legal representatives of the defendants, whose right to move to quash would be unquestioned, and, as such, vested with all their property rights, claims and demands of whatsoever kind, whether legal or equitable If the deed from Forster to Slingluff, the validity of which is hereafter to be examined, did not convey the firm assets which the grantor had acquired under the assignment from Clark, these assets are vested in the trustees in insolvency and their interest in the property attached is clear. If, however, the language of the deed is broad enough to embrace the firm assets and vest them in Slingluff, the trustees in insolvency have still an equitable and contingent interest in the property attached by virtue of the resulting trust reserved by the grantor, Forster, whom they now represent.

Being of the opinion that the trustees in insolvency have the right to make this motion, it becomes necessary to determine whether it should prevail.

The cause of action is an overdue promissory note, and the attachment was issued on original process for fraud under the Act of 1864, Ch. 306, the affidavit being: "That the said George H. Forster and John E. Clark, co-partners, trading as Forster, Clark & Company, have assigned, disposed of or concealed, or are about to assign, dispose of or conceal, their property, or some portion thereof, with intent to defraud their creditors."

The truth of these averments in the affidavit is denied by the sixth reason assigned in support of the motion to quash, and the question of fraud *vel non* must therefore be considered.

It will be noticed that the fraud alleged is the *joint* fraud of Forster and Clark, co-partners, trading as Forster, Clark & Company; and as sought to be established by the evidence connects itself with the dissolution of the firm of Forster, Clark & Co., made on the morning of December 4, 1887, the assignment by Clark of all his interest in the firm assets to Forster on the same morning, and the deed of trust for the benefit of creditors made on the afternoon of the same day by Forster to Slingluff.

The fraud which will sustain an attachment under this Act may be either fraud in fact or fraud in law.

Does the evidence in the case show fraud in fact? The plaintiff's counsel do not contend that either the articles of dissolution, the assignment or the deed bears upon its face evidence of fraud in fact, but their contention is that these papers are the successive steps in a well understood design culminating in the execution of the deed of trust, the object of which was to force the creditors to accept a compromise of their claims. Such a purpose is condemned by the Court of Appeals in Strauss vs. Rose, 59 Md. 531, and in Luckemeyer vs. Seltz, 61 Md. 317; but it must be sufficiently established by the proof. Examining these papers in connection with all the evidence, including the testimony given by the witnesses and the papers in the insolvency and equity proceedings offered in evidence, the Court fails to find that either Forster or Clark intended by these acts to commit a fraud upon their creditors. A design *to force creditors to accept a compromise* is not, it seems to me, made out by proof that one of two partners, who assigned his interest to the other, and who testifies that at the time he believed the firm to be solvent, provided in the assignment against the possibility of the creditors accepting a settlement or making an extension, and that the other afterwards made an offer of compromise to the creditors, even though the firm was in point of fact largely insolvent. But if from this evidence the fraudulent design on the part of the partners might be inferred, in order to avoid a deed on its face, such as the law approves, it would be necessary that the trustee, Mr. Slingluff,

should be implicated in the fraud (Farrell vs. Farnen, 67 Md. 76), and of this the Court finds no proof.

But the plaintiff's counsel contends "that the acts and doings of the plaintiffs in the premises amount to fraud in law * * * that the deed is void under the statute of Elizabeth and within the meaning of the Act of 1864, Ch. 306," and this question remains to be considered.

The argument in support of this position is that under the assignment from Clark to Forster no conversion from joint to separate property took place whereby the assets of the firm became the individual property of Forster, which he could dispose of as his own, but that the assignee by the terms of the assignment took these assets upon trust that they should be devoted to the payment of the partnership creditors, thus preserving the "equity" of the firm's creditors to be paid out of the joint property. That Forster thereafter without any attempt upon the part of Clark to prevent it, turned these assets over to Slingluff to pay his individual debts, and that this constitutes a fraud in law by the firm upon the joint creditors.

In so far as the position of the plaintiff rests upon the creation of a trust by this assignment from Clark to Forster and the preservation of the equitable lien of the joint creditors to be paid out of the joint assets, it is not denied by the claimants, and is supported by the authorities cited. (2 Lindley on Part [Ed. '88], 699, &c.; Ex parte Ruffin, 6 Vesey, 119; Ex parte Williams, 6 Vesey 2, 5; Silk vs. Prime, 2 White & Tudor, Ldg. Eq., cases 399).

The attack then on the question of *fraud* in law is upon the deed from Forster to Slingluff. Clark is not a party to this deed, he testifies that he did not know it was to be executed, and it is a conceded fact he never saw it. Having by his own assignment preserved for the creditors the very equity upon which the plaintiff relies and created the very trust, the violation of which by the deed constitutes the alleged fraud, it is difficult to understand how this deed is to be regarded as the *joint fraud* of Clark & Forster. But does the deed itself, whether regarded as the act of Forster alone, or as the joint act of Forster & Clark have the operation which the plaintiff attributes to it?

It does not seem necessary for the Court to determine what property passed under the deed according to its true interpretation. If the firm assets were not embraced in its terms so as to be vested in the trustee, Slingluff, then there has been no breach of trust or fraud on the firm's creditors *by the deed itself*, whatever is to be done with the property by it conveyed; and to make the holding of Slingluff objectionable it would have to be established *as a fact apart from the deed* that when Forster placed the firm's assets in his hands he intended to destroy the lien of the firm's creditors and have them apply to his individual debt; and of this there is no evidence.

If the conveyance by Forster's deed "of all his, the said George H. Forster's estate and property of every nature, kind and description" is broad enough to embrace the assets held by him as a member of the dissolved firm, the dedication of the same "to the payment in full of all the debts due and owing the said George H. Forster" must equally be broad enough to include not only the debts due and owing by him individually, but also as a member of the dissolved firm; and when he stipulated expressly that these shall be paid "without preference or priority, except as by law provided," it is manifest that he has not appropriated partnership assets to the payment of his individual debts, for the priority or preference in such case, by the law provided, is that the partnership creditors shall first be paid out of the partnership assets, and the individual creditors out of the individual assets.

So that whether the deed did or did not convey the firm assets, it is not open to the objection that it is fraudulent in law as a breach of trust.

But the plaintiff's counsel contended further "that had the deed conveyed the partnership property and primarily dedicated the same to the liquidation of the obligations of the firm, it would still have been void, because Clark was not a party to the same, in fact never saw it," relying upon the cases of Maughlin vs. Tyler, 47 Md. 545, and Gable vs. Williams, 59 Md. 46.

In Maughlin's case the Court of Appeals was dealing with a deed *creating preferences and exacting releases,* and

they said: "It has been settled by a series of decisions in this State that a deed of trust for the benefit of creditors, creating preferences and exacting releases, is void unless it appears on its face to convey all the property of the debtor, and where such deed is executed by partners it must so appear to convey both their partnership effects and their individual estates." And they extended this principle to the case where the parties were not actually partners *inter sese*, but occupied that relation toward third parties, holding that a deed executed by *one partner alone, creating preferences and exacting releases*, although the grantor in the deed owned in his own right all the property of the ostensible partnership, was void as to creditors, because it did not profess to convey the individual property of those whom the law treats as partners with reference to third persons.

In Gable's case a surviving partner made a general assignment "of all his property, as well as that held by him as surviving partner, as that held as his own separate estate," and directed the application of the same "to the payment of all his creditors *without preference*"; and the Court of Appeals held, "that if effect were given to this deed it would entirely destroy *the preference* to which the partnership creditors are entitled of having the debts due them paid out of the assets of the firm in course of liquidation, to the exclusion of the separate creditors of the surviving member of the firm." The distinction between the deeds declared void in these cases and the deed made by Forster to Slingluff is at once apparent. The latter deed does not exact releases, and neither creates nor destroys any preferences, but provides for a distribution according to the rules of law.

Being of opinion that the essential averment of fraud is not established, either in fact or law, it becomes unnecessary to consider the other reasons urged in support of the motion to quash, as it must be sustained on this ground alone. The exceptions of the trustees in insolvency to the admissibility in evidence of the papers in the equity and insolvency proceedings are overruled, but the attachment is ordered to be quashed.