## KENNEDY *v.* McKEE.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF TEXAS.

No. 126. Submitted December 16, 1891. — Decided January 4, 1892.

The statutes of Texas in relation to assignments for the benefit of creditors, 1 Sayles's Civil Stats. 61, 62, 68, Arts. 65*a.*, 65*c.* and 65*s.*, do not contemplate an assignment of partnership property only by partners for the benefit of creditors, and while such an assignment may be valid as to

creditors who accept its provisions, creditors who do not may levy upon the property conveyed by it, subject, it may be, to the rights of the accepting creditors.

There being no brief filed for defendant in error, and no argument made in his behalf, the court confines its consideration of the case to the decision of the questions raised by the counsel for plaintiff in error, without considering the case in any other aspect.

THE court stated the case as follows:

This action was brought upon the official bond of the late James A. McKee, marshal of the United States for the Northern District of Texas, to recover damages for the seizure of certain goods, wares and merchandise, under attachments sued out from the court below, January 25, 1884, by Crow, Hargardine & Co. and Goodbar, White & Co., respectively, against the property of Moseley Brothers, a firm composed of W. P. Moseley, S. P. Moseley, R. T. Moseley, and F. P. Moseley and doing business in the counties of Grayson and Limestone, Texas.

The plaintiff alleged that the property in question was not subject to those attachments, but belonged at the time, and was in the rightful, exclusive possession of W. E. Doyle, under and by virtue of a deed of assignment executed January 23, 1884.

That deed of assignment was as follows:

"THE STATE OF TEXAS, }
  "*Limestone County.* }

"Know all men by these presents that we, Moseley Brothers, a mercantile firm composed of W. P. Moseley, S. P. Moseley, R. T. Moseley and F. P. Moseley, and doing business in the cities of Mexia and Denison, said State, in consideration of the sum of one dollar to us in hand paid by W. E. Doyle, of said county and State, have this day transferred, assigned and set over, and by these presents do transfer, assign and set over, to the said W. E. Doyle, assignee, all of our property of every character and description, real and personal and mixed, a more complete and perfect description of which property will hereafter and as soon as it can be done be filed with said assignee,

in trust, nevertheless, and for the following purposes and uses, to wit: Whereas, the said Moseley Bros. are justly indebted to various parties — a more complete description of the names and amounts due to each will be hereafter filed with said assignee — and which indebtedness we are unable to pay, and being desirous of securing to our said creditors an equitable and just distribution of our said property: Now, therefore, in consideration of the premises, we hereby authorize and empower the said W. E. Doyle to take full and exclusive control of the property herein conveyed and transferred, and to convert the same into money and apply the proceeds to the payment and satisfaction of our said indebtedness in the proportion of the respective claims of such of our creditors as shall accept these presents after paying all proper and necessary costs incident to the execution of this trust; and the said Doyle is hereby authorized and empowered to sign all the deeds, conveyances, acquittances and receipts, and to institute and defend any and all suits necessary and proper for the full execution of the trust herein created, provided that there is reserved out of the operations of this instrument such property as is exempt from forced sale under the constitution and laws of this State.

"Witness our hands this January 23, 1884.

|  |  |  |
|---|---|---|
| "(Signed) | | S. P. MOSELEY. |
| " | " | R. T. MOSELEY. |
| " | " | MOSELEY BROS." |

On the day this deed bears date, S. P. Moseley and R. T. Moseley appeared before a notary public of Limestone County and severally acknowledged that they had executed and delivered it for themselves and for the firm of Moseley Brothers, for the purposes and considerations stated in it. And it appears from the certificate of the county clerk of that county that the deed, with the notary's certificate, was filed in his office for record at nine o'clock on the morning of January 24, 1884, and was duly recorded, the same day, at ten o'clock.

The petition alleged, among other things, that, on the 23d day of January, 1884, the firm of Moseley Brothers was insolvent,

and being insolvent, S. P. Moseley and R. T. Moseley, on that day, "for themselves and for said firm, in their own names and in the name of said firm, with the knowledge and consent of their copartners, the said W. P. Moseley and the said F. P. Moseley, the former being sick and absent and the latter absent from the county," made, executed and delivered said deed to W. E. Doyle, who duly qualified as assignee; that " the making of said deed of assignment had been discussed and agreed to by all the members of said firm before it was made, and was ratified immediately afterwards and before any adverse right had been acquired by each of said partners who did not sign the same individually;"· that "·no property was owned by said firm, or any of the members thereof not conveyed thereby except such as was exempted from forced sale by the constitution and laws of Texas;" that after the levy of the above attachments Doyle resigned the place of assignee, and was succeeded by the plaintiff, who was appointed assignee by the judge of the county court upon the written application of the accepting creditors of Moseley Brothers; and that the plaintiff accepted the position of assignee, giving bond and qualifying as required by law, and becoming the lawful assignee of Moseley Brothers.

The case was heard below upon demurrers, general and special, filed by the defendants. The special demurrer showed that the petition was excepted to as insufficient in law upon the following grounds: 1, one or more partners could not make an assignment for the benefit of creditors that would bind the copartnership, and pass the property of the firm; 2, an assignment by two of the partners only could not be ratified by the partners not signing or executing the same, so as to interfere with rights of creditors accruing before such ratification, and any pretended ratification which would operate as an assignment of real estate could not take place by parol or by parol ratification; 3, the deed, signed and executed by two of the partners only, could not and did not purport to convey and pass the individual and separate property of the partners not signing it, and, consequently, the deed was void upon its face; 4, the deed does not, on its face, show that it was made

by Moseley Brothers as insolvent debtors, or by them in contemplation of insolvency.

The demurrers were sustained, and, the plaintiff declining to amend, the action was dismissed with costs to the defendants.

The statutes of Texas in force when the above assignment was made provided: " Art. 65a. Every assignment made by an insolvent debtor, or in contemplation of insolvency, for the benefit of his creditors, shall provide, except as herein otherwise provided, for a distribution of all of his real and personal estate other than that which is by law exempt from execution, among all his creditors in proportion to their respective claims, and however made or expressed, shall have the effect aforesaid, and shall be construed to pass all such estate, whether specified therein or not, and every assignment shall be proved or acknowledged and certified and recorded in the same manner as provided by law in conveyances of real estate or other property." " Art. 65c. Any debtor desiring to do so, may make an assignment for the benefit of such of his creditors only as will consent to accept their proportional share of his estate, and discharge him from their respective claims, and in such case the benefits of the assignment shall be limited and restricted to the creditors consenting thereto, the debtor shall thereupon be and stand discharged from all further liabilities to such consenting creditors on account of their respective claims, and when paid they shall execute and deliver to the assignee for the debtor a release therefrom ; provided, that such debtor shall not be discharged from liabilities to a creditor who does not receive as much as one-third of the amount due and allowed in his favor as a valid claim against the estate of such debtor." " Art. 65s. Any attempted preference of one creditor or creditors of such assignor shall be deemed fraudulent and without effect." Act of March 24, 1879, as amended April 7, 1883, Sayles's Texas Civil Stat. vol. 1, pp. 61, 62, 68.

*Mr. Sawnie Robertson* for plaintiff in error.

The only ground upon which the invalidity of this assignment can be asserted is, the failure to embrace in it the private property of all of the members of the firm, as well as the

partnership property.   It is contended, in support of the judg-
ment of the Circuit Court, that in the case of *Donoho* v. *Fish*,
58 Texas, 164, it was held that no assignment is good under
the Texas statute, unless it conveys the whole of the property
of the partner and of every. member thereof not exempt from
forced sale.

There.is an expression in the opinion in that case that gives
some color to this claim ; but an examination of the case will
show that the assignment then before the court provided for
releases by the creditors, which the one now in controversy
does not do.

The distinction in this respect between the two classes of
assignments is apparent.   When a release is exacted of a cred-
itor, the whole of the property that is subject to the demands
of the creditor should be surrendered by the assignment.   On
the other hand, when no release is exacted — when the cred-
itor surrenders no right or remedy — no good reason exists
why the assignment should not stand good for such property
as it conveys for the benefit of all of the creditors alike rather
than be subjected alone to the demands of a single attaching
creditor.

The doctrine contended for has not been announced by the
Supreme Court of Texas in a single case where the assignment
in question was like the one now before the court — one for
the equal benefit of all creditors without exacting a release.
On the contrary, every case subsequent to *Donoho* v. *Fish
Bros. & Co.* has carefully limited the rule to assignments that
exact releases. *Baylor County* v. *Craig,* 69 Texas, 330 ; *Turner*
v. *Douglass,* 77 Texas, 619 ; *Still* v. *Focke,* 66 Texas, 715 ; *Coffin*
v. *Douglas,* 61 Texas, 406, 410 ; *Shoe Co.* v. *Ferrell,* 68 Texas,
638.

No appearance for defendants in error.

MR. JUSTICE HARLAN, after stating the facts as above re-
ported, delivered the opinion of the court.

As no brief has been filed in behalf of the defendants in
error, and as we are not informed by the record of the precise

ground upon which the court below proceeded, we will restrict our examination of this case to the single ground upon which the plaintiff in error questions the correctness of the judgment. After referring to the provisions of the above statute, he says that the only ground upon which the invalidity of the assignment of January 23, 1884, can be asserted is the failure to embrace in it the private property of all the members of the firm as well as the property of the partnership. We take this to be a concession that the deed did not pass the private property of the individual members of the firm. This concession was, we think, required by a reasonable interpretation of that instrument. The words used import an assignment by the firm of only firm property to pay the debts due by the firm to such creditors as would accept the provisions of the deed. So that the inquiry is, whether the statute relating to assignments for the benefit of creditors embraced such a deed as the one in question. We lay out of view the allegation in the petition that no property was owned by Moseley Brothers or by any of the members of the firm that was not conveyed by the deed, except such as was exempted from sale by law, because the officer, having in his hands an attachment against property, so conveyed, can only be guided, in the absence of actual notice, by the legal effect of the deed. As said in *Donoho* v. *Fish Bros. & Co.*, 58 Texas, 164, 166, 167, "a deed which purports to convey only such property as the makers thereof own as copartners cannot be held to pass the title to any other without making for the makers of the deed a contract which they never intended." Besides, the allegation referred to does not distinctly state that the several partners owned no property in their respective individual rights. It is rather the statement of a legal conclusion, namely, that all the property which the assignors owned, whether as partners or in their respective individual rights, not exempt from forced sale, was conveyed by the deed of assignment; whereas, as we have stated, the words of the deed do not embrace any property, except such as the firm of Moseley Brothers owned.

In *Donoho* v. *Fish Bros. & Co.*, which was the case of an assignment by a partnership of partnership property for the

benefit of such creditors as would accept its provisions and release the debtors, the court said: "Such an assignment is not contemplated by the act, even if there were no restriction in it upon the right of all creditors to participate in the proceeds of the sale of the property by requiring a release of the debtor; for the act contemplates that all of the property, real and personal, of the debtors making the assignment, except such as is exempt from forced sale, whether the same be partnership property or such as is owned by each partner in his own individual right, shall pass by the assignment. The law does not undertake to make assignments for debtors; it provides how an assignment may be made, and aids and makes complete an assignment which evidences an intention of the debtor to comply with its provisions." After observing that if the deed of assignment purported to convey all the property belonging to the members of a firm, however defective in form, it would pass not only the property each partner owned in his individual right, but also such as they owned in partnership, the court proceeded: "If, however, copartners could under the act make an assignment of partnership property only for the benefit of the creditors of the firm alone, . . . there would be an insuperable objection to such an assignment containing a clause requiring a release of the debtors by the creditors as a condition to the right to participate in the proceeds of the assigned property. . . . He who wants the benefit of the act by which he seeks to be released from his just debt, without full payment, must comply with the act by conveying to the assignee all of the property required to be conveyed, whether the same be owned by him individually, or as a member of a firm, and if he does not do so by the terms of his deed aided by the law, his assignment is void and interposes no obstacle to creditors in collecting their debts by usual process."

Subsequently, in *Coffin* v. *Douglas*, 61 Texas, 406, 407, the Supreme Court of Texas said: "In the case of *Donoho* v. *Fish Bros. & Co.*, 58 Texas, 164, it was held that an assignment made by partners, which did not purport to pass title to all the property owned by the partnership, and by the members

thereof in their separate rights, and not exempted from forced sale, could not be sustained as a valid assignment under the act of March 24, 1879." So in *Still* v. *Focke*, 66 Texas, 715, 723 : "A partnership may make an assignment for the benefit of creditors, but in such case, the property of the partnership, and the property of each member of it, which is subject to forced sale, must pass by the assignment." See also *Turner* v. *Douglass*, 77 Texas, 619, 620, 621.

It is, however, contended by the plaintiff that *Donoho* v. *Fish Bros. & Co.*, and the other cases cited, were cases of deeds of assignment of firm property only, which required creditors, accepting their provisions, to discharge the debtors from their respective claims; whereas, the deed here in question did not exact releases from the accepting creditors. There is no good reason, it is argued, why a deed, which does not require releases from creditors as a condition of participating in the benefits of an assignment, "should not stand good for such property as it conveys for the benefit of all the creditors alike rather than be subjected alone to the demands of a single attaching creditor." We cannot assent to the interpretation so placed by plaintiff upon the cases cited. It may well be doubted whether the requirement in the deed of assignment, that the proceeds of the property shall be applied to the payment and satisfaction of the firm's indebtedness "in the proportion of the respective claims of such of our creditors as shall accept these presents," does not import that such creditors must release the assignors; otherwise the reference to accepting creditors was meaningless. Independently of this view, the Supreme Court of Texas distinctly holds, in the cases cited, that the statute in question did not contemplate an assignment by partners for the benefit of creditors of partnership property only, that is, such an assignment is not provided for by, and cannot be administered under, that statute. An assignment of that character may be valid as between the assignors and the creditors who accept its provisions. But no reason is given other than the one above stated — which we deem insufficient — why such an assignment would be an obstacle in the way of creditors who do not accept its provisions,

from collecting their debts in the ordinary modes prescribed by law, or why the marshal might not, in the discharge of his duty, have levied the attachments in his hands upon the property in dispute, subject, it may be, to the rights of creditors who accepted the proceeds of the property covered by the deed. The issue in the present action is not, and could not be, whether Crow, Hargardine & Co. and Goodbar, White & Co. had sufficient grounds for suing out their attachments against the property of Moseley Brothers, nor as to the duty of the marshal to execute them by levying upon any property or interest in property that was subject to an attachment issued against the property of that firm. The issue is as to the authority of that officer to seize, as the property of the firm of Moseley Brothers, the particular property embraced by the deed of January 23, 1884. We have seen that no title passed to Doyle, the assignee, in virtue of the statute regulating assignments for the benefit of creditors; and as the contrary view is the only ground upon which the correctness of the judgment below seems to be questioned in this court, we need not consider the case in any other aspect.

*Judgment affirmed.*