Sheppard v. Reeves & Co.—Opinion of Court.

---

W. B. SHEPPARD, APPELLANT, VS. J. S. REEVES & CO., APPELLEES.

The act of 1889, chapter 3891, laws of Florida, prohibits both preferential and partial assignments, and an assignment by a partnership firm of only the joint or partnership property, and not embracing the individual property of the members of the firm, is void upon its face?

Appeal from the Circuit Court for Franklin county.

The facts in the case are stated in the opinion of the Court.

*H. C. Hicks* and *John Eagan*, for Appellant.

*Benj. S. Liddon*, for Appellees.

MABRY, J.:

Appellees, Reeves & Co., instituted a suit in Franklin county against U. M. Wright and F. W. Ordway, partners doing business in the firm name of U. M. Wright & Co., and had garnishment process served on appellant, W. B. Sheppard, to answer what goods

and chattels, rights and credits, money or effects, were in his hands, custody or control belonging to said defendants. Reeves & Co. obtained judgment against Wright & Co., and Sheppard answered that he did not owe the latter anything, or have any of their property in his hands. Issue was joined on the answer, and by written consent of all parties the case was transferred to Jackson county for trial on account of the disqualification of the Judge of the Second Circuit to hear and determine the issue. On the trial in Jackson county before the Circuit Judge, without a jury by consent, it appeared that the garnishee, W. B. Sheppard, had in his hands a sum of money exceeding the amount of the said judgment obtained by Reeves & Co., as the proceeds of property assigned to him by Wright & Co., and the assignment was offered in evidence to sustain the garnishee's right to the funds. The court held that the assignment was void on its face and excluded it as evidence, to which ruling an exception was properly taken. The garnishee offered no further evidence sufficient to sustain his right to the money in his hands, and judgment was rendered in favor of appellees for the amount of their judgment and costs, and Sheppard entered an appeal, which was before the Revised Statutes went into effect.

Many objections were made to the validity and sufficiency of the deed of assignment, but only one will be considered, as under it the instrument must be held void, and the judgment of the court affirmed. We construe the deed, declared to be void by the lower court, as an assignment by a partnership firm of only the joint or partnership property, and not embracing any individual property of any of the members of the firm. Kennedy vs. McKee, 142 U. S. 606; 12 Sup. Ct.

Rep. 303. Partnership property only was assigned to pay partnership debts, and the assignee was directed to convert the property assigned into money, and, after paying certain enumerated expenses connected with the assignment, to pay "all the creditors of the said firm in equal proportion according to their respective demands, whose names, with the several amounts due them, are hereto annexed." There was also a clause directing the assignee to pay any surplus remaining after such settlement as provided to the assignors, their heirs, executors or administrators. The act of 1889 (chapter 3891, laws of Florida) prohibits both preferential and partial assignments for the benefit of creditors, as is evident from its terms, and as so construed by us in the case of Williams vs. Crocker, 36 Fla. 61, 18 South. Rep. 52. The individual property of members of a partnership not exempted by law is liable for the partnership debts, and the failure to include all such property in an assignment for the benefit of creditors is in violation of an essential requirement of the statute.

The judgment of the Circuit Court will, therefore, be affirmed.