## WILLIAMSON v. LEITH et al.

### In re CLARK & BENSON.

Circuit Court of Appeals, Fifth Circuit.
December 21, 1929.

No. 5718.

Chas. H. Warwick, Jr., and B. F. Paty, both of West Palm Beach, Fla., for appellant.

R. T. Boozer, of West Palm Beach, Fla., for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This is an appeal in a bankruptcy case from an order of the District Judge reversing, on the petition of certain creditors for review, an order of the referee, and requiring the trustee to return to the assignee named in a general assignment for the benefit of creditors, executed by the bankrupts prior to their adjudication, all property which had been received from such assignee in the course of the bankruptcy proceedings, under the claim that it constituted assets of the bankrupt estate.

Clark & Benson, as a partnership and as individuals, were adjudged bankrupts on February 11, 1928, on their voluntary petition, which alleged insolvency. They had been engaged in business as nurserymen, landscape gardeners, architects, and investors in real estate. On February 24, 1927, they made an assignment to Charles W. Shearman of all the partnership property for the benefit of creditors; and on March 28, 1927, they made another assignment to Shearman, both as partners and as individuals, of all their property. Both assignments purported to authorize Shearman to continue the business; the first bound him to employ the assignors at reasonable salaries, but the second did not. The debts scheduled as owing amounted to over $175,000; and, though each assignment declared that the assignors were not insolvent, Shearman gave bond under each for only $10,000. It is admitted that the bonds were grossly inadequate. At the time these assignments were executed, suits were pending by creditors having claims amounting to more than $10,000 in the aggregate. After the execution of the assignments, the business was continued as it had been theretofore. Shearman and Clark drew salaries, paid some of the creditors small amounts, and paid others nothing.

On February 11, 1928, the creditors who had instituted suits upon their claims joined in a bill in the state court, setting up, among other things, that the assignments were fraudulent, that the bonds were inadequate, that the property of the assignors was being wasted, and prayed for the removal of Shearman as assignee, and for the appointment of a receiver. On the same day, but whether before or after this bill was filed does not appear, the voluntary petition in bankruptcy was filed, and Shearman was appointed receiver in bankruptcy. On March 15, 1928, at the first meeting of the creditors, appellant was elected trustee, and Shearman, as receiver, voluntarily turned over to him the property of the bankrupts which he had in his possession. While that meeting was being held, an amended bill was filed by the creditors in the state court; but, so far as appears, no further proceedings were taken upon that bill as amended. However, the original and amended bills were set up in answers before the referee as a basis for the contention that the trustee should be ordered to return the property in his possession to Shearman as assignee. On April 16, 1928, the referee overruled this contention; on the 23d the creditors filed a petition before him for review; and on the 25th he sent up to the District Judge his certificate under rule 27 of the General Orders in Bankruptcy.

The District Judge set the petition down to be heard on May 28, 1928, but nothing fur-

ther was done by the creditors until they gave notice of a hearing on June 28, 1929, at which time the order appealed from was entered. It does not appear that the trustee had in his possession, at the time the order appealed from was entered, any assets which he received from Shearman, but, so far as is shown, he might, in administering the estate, have sold and disposed of all such property.

Rule 27 of the General Orders in Bankruptcy (11 USCA § 53), while it does not fix the time within which petitions for review shall be presented to the District Judge, provides that the certificate of the referee shall be sent up "forthwith," and contemplates that the review shall be had within a reasonable time. A rule of the District Court from which this case comes requires that a petition that is not called up for hearing before the District Judge within 20 days of the filing of the certificate of the referee shall be dismissed, unless for cause shown the time for hearing be extended. Appellees, instead of complying with this rule, did not call up their petition for review until after the lapse of more than a year. The trustee had the right to suppose that the petition would be dismissed as provided by the rule, and was free to dispose of the assets in his possession. It may be conceded that the court had the power to suspend a ruling of its own making, but in our opinion it should not have done so without first ascertaining that the trustee still had property in his possession which he had received from the assignee.

The first assignment for the benefit of creditors was void, if for no other reason, because it was partial, in that it failed to convey the individual property of the partners. Williams v. Crocker, 36 Fla. 61, 18 So. 52; Sheppard v. Reeves, 39 Fla. 53, 21 So. 774. It is provided by Compiled General Laws of Florida, § 6755, that no one shall be appointed assignee under a general assignment for the benefit of creditors who does not give bond in double the value of the property assigned. According to the assignments, the assignors were not insolvent, although they owed debts amounting to $175,000. If they were solvent, the bond required by the statute should have been for as much as $350,000. Many courts hold that an assignee is not authorized to take possession of the property assigned until he has given

the bond required by statute, 2 R. C. L. 705; and others are to the effect that the assignment is void if it attempts to authorize the assignee to continue to operate the business, on the grounds that the property is placed beyond the reach of creditors for an indefinite period, and might be lost as the result of an unsuccessful conduct of the business. Jones v. Syer, 52 Md. 211, 36 Am. Rep. 366; Catt v. Knabe, 93 Va. 736, 26 S. E. 246.

But it seems that the Supreme Court of Florida has not had occasion to pass upon these questions in construing the statutes of that state relating to assignments for the benefit of creditors; and we do not find it necessary to put our own construction upon them in advance of an authoritative state decision, since in our opinion there is another safe ground upon which the decision of this case may be rested. For we think that the conduct of the bankrupts leads irresistibly to the conclusion that their assignments to Shearman were fraudulent, as they were charged to be by the creditors in their bill in the state court. The primary purposes of the assignments were to put the property of the assignors beyond the reach of creditors who had suits pending, and at the same time to continue to operate the business in the usual way. The giving of authority to the assignee to continue to operate the business, and the acceptance from him of bonds that were wholly inadequate, were major badges of fraud, whether they were sufficient to render the assignments void or not.

Under the Bankruptcy Act, the trustee of a bankrupt estate takes title to all property transferred by the bankrupt in fraud of his creditors, 11 USCA § 110; and his right to assert title is not subject to the limitation of four months which is applicable under other sections of the Bankruptcy Act (11 USCA). If a creditor could have avoided a fraudulent conveyance under the state law, the trustee in bankruptcy may also avoid it. Stellwagen v. Clum, 245 U. S. 605, 38 S. Ct. 215, 62 L. Ed. 507; Campbell v. Calcasieu National Bank (C. C. A.) 12 F.(2d) 981. These transfers could have been set aside under Compiled General Laws of Florida, § 5771. The voluntary surrender of the property by the assignee rendered suit by the trustee unnecessary.

The order appealed from is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.